IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLEY TUTTLE, <br><br> Plaintiff, <br><br> Vs. <br><br> TREASURE VALLEY MARINE, INC., an Idaho corporation; BOHNENKAMPS WHITEWATER CUSTOMS, INC., an Idaho corporation; NIAGRA JET ADVENTURES, LLC., a New York limited liability company; CHRISTOPHER and RACHEL BOHNENKAMP, married individuals; KEYBANK NATIONAL ASSOCIATION, a national banking association with its principal place of business in Ohio, d/b/a KeyBank; <br><br> Defendants. | Case No.  1:15-cv-00314-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it two motions to dismiss Plaintiff Kelley Tuttle's claims – one from Defendants Treasure Valley Marine, Inc. ("TVM"), Bohnenkamps Whitewater Customs, Inc. ("BWC"), Niagara Jet Adventures, LLC ("NJA"), and Christopher and Rachel Bohnenkamp (Dkt. 7-1) and one from Defendant KeyBank National Association ("KeyBank") (Dkt. 4-1). The motions are fully briefed and at issue and would not be aided by oral argument. For the reasons explained below, Defendants' motions are

MEMORANDUM DECISION AND ORDER - 1

granted, but Plaintiff will be granted leave to amend the Complaint in order to cure the deficiencies noted in this decision.

## FACTUAL BACKGROUND

Plaintiff Tuttle has brought several claims against various defendants. These claims stem from the allegation that Tuttle entered into agreement to purchase a boat and trailer from Treasure Valley Marine, Inc. ("TVM") on or about February 5, 2014. *Complaint* at ¶ 21 (Dkt. 1). Under the agreement, TVM was to fabricate a custom jet boat for $147,241, which was to be financed by a loan from Defendant KeyBank for the full amount. *Id.* at ¶ 23, 24. KeyBank distributed the loan to TVM or Bohnenkamps Whitewater Customs, Inc. ("BWC"), but the custom-built boat was not delivered to Tuttle on the date agreed upon by Tuttle and TVM. *Id.* at ¶ 23, 27, 39. Tuttle further alleges that KeyBank had an agreement with Christopher Bohnenkamp, TVM, and BWC wherein KeyBank would pay those defendants a "kickback" when they referred individuals to KeyBank to finance custom boats. *Id.* at ¶ 30-31. Tuttle further claims that the loan distributed to TVM was not used to fabricate the financed boat, but instead was invested in a new Bohnenkamp enterprise, Niagara Jet Adventures LLC ("NJA"). *Id.* at ¶ 32.

Plaintiff Tuttle has asserted claims for (1) breach of contract, (2) violation of the Idaho Consumer Protection Act ("ICPA"), (3) fraud, (4) conspiracy to violate the ICPA and defraud Tuttle, (5) aiding and abetting fraud and vioaltions of the ICPA, (6) violation of the Racketeer Influenced and Corrupt Organizations Act and the Idaho Racketeering Act (collectively "RICO Acts") by committing mail and wire fraud ("RICO claims"), and

MEMORANDUM DECISION AND ORDER - 2

(7) conspiracy to violate the RICO Acts. All defendants have moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept legal conclusions that are couched as factual allegations as true; the trial court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*.  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.  Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Where, however, claims are grounded in fraud, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." Rule 9(b) "demands that the

MEMORANDUM DECISION AND ORDER - 3

circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong. Allegations of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. A party alleging fraud must 'set forth more than the neutral facts necessary to identify the transaction.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). Fraud can be alleged either directly, by specifically setting forth facts establishing fraud, or indirectly, by alleging facts that, if true, would necessarily constitute fraud even if the word 'fraud' is not used. *Id.* at 1124.

Rule 9(b) serves three purposes: "(1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id.* at 1124-25.

Additionally, where a claim is asserted against multiple defendants, the plaintiff must "inform each defendant separately of the allegations surrounding his participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (2007) (internal citations omitted). At a minimum, the plaintiff must "identify the role of each defendant in the alleged fraudulent scheme." *Id.* at 765 (internal citations omitted).

## ANALYSIS

1. **Breach of Contract**

MEMORANDUM DECISION AND ORDER - 4

Tuttle alleges that he entered into a "valid and binding contract with TVM for the fabrication and delivery of the 2014 Boat/Trailer by June 2014 and that TVM breached that contract. *Complaint* at ¶ 37 (Dkt. 1). As defendants point out, Tuttle has failed to attach or incorporate the agreement or its terms into the Complaint. The Court is not required to accept Tuttle's legal conclusion as true; therefore, defendants' motion to dismiss Tuttle's claim for breach of contract against Christopher, TVM, and BWC is granted. Tuttle has leave to amend his complaint to incorporate the agreement and its terms and further specify which of those three defendants were involved in the alleged breach of contract.

2.  **Violations of the ICPA**

Tuttle alleges that Christopher Bohnenkamp ("Christopher"), as an agent of TVM and BWC, represented to Tuttle that TVM and BWC could fabricate and deliver the Tuttle Boat/Trailer knowing that neither TVM and/or BWC had the ability to do so. *Complaint* at ¶ 46-47 (Dkt. 1). Tuttle asserts that this representation was misleading, false, and deceptive and therefore constituted a violation of the ICPA. Idaho Code § 48-601 *et seq.* Such a violation requires that a defendant knows, or in the exercise of due care should know, that the representation is misleading, false, or deceptive. *Id.*

As discussed above, allegations involving fraud, such as this, must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Tuttle has pled the "who" (Christopher), "what" (a representation that TVM and/or BWC would fabricate the Boat/Trailer), "when" (on or about February 5, 2014), and "where"

(in the agreement between Tuttle and TVM and/or BWC). But Tuttle has not sufficiently pled the "how" because he has provided no factual information that Christopher, acting as an agent of TVM and/or BWC, knew or should have known that TVM and/or BWC both lacked the ability to fabricate and deliver the Boat/Trailer. Instead, Tuttle merely states that the "how" is evident from the complaint because "Christopher represented that TCM and BWC had the ability and would in fact fabricate a boat and trailer for Tuttle when these companies did not in fact have that capability." *Response* at 6 (Dkt. 15). Therefore, defendants' motion to dismiss Tuttle's claim against Christopher, TVM, and BWC for violation of the ICPA is granted. Tuttle is granted leave to amend his Complaint to sufficiently plead the "how" and to specify whether TVM or BWC, or both, are the correct defendants as to that claim.

3.   **Fraud**

Tuttle further argues that defendants' alleged violation of the ICPA constituted fraud. Tuttle alleges that Christopher, TVM, and BWC knew that the representation that TVM and/or BWC could fabricate and deliver the Boat/Trailer was false, and that Christopher impliedly represented that the proceeds of the KeyBank loan would be distributed to BWC to fabricate and deliver the Boat/Trailer when those proceeds would not in fact be paid to BWC and/or that BWC would not use the proceeds to fabricate the Boat/Trailer. *Complaint* at ¶ 52-53 (Dkt. 1).

Tuttle has not pled these allegations with the specificity required by Federal Rule of Civil Procedure 9(b). As explained above, Tuttle failed to provide factual support for his claim that defendants knew that TVM and/or BWC lacked the ability to fabricate and

MEMORANDUM DECISION AND ORDER - 6

deliver the Boat/Trailer. Further, Tuttle has not alleged any facts to support his allegation that the loan proceeds were not distributed to BWC or that BWC did not use the proceeds of the loan to fabricate the Boat/Trailer aside from the fact that the Boat/Trailer had not been completely fabricated or delivered at the time the Complaint was filed. *Complaint* at ¶ 24 (Dkt. 1). Accordingly, defendants' motion to dismiss Tuttle's claim against Christopher, TVM, and BWC for fraud is granted. Tuttle is granted leave to amend his Complaint to sufficiently allege these facts.

**4.    Conspiracy**

Tuttle also alleges that Christopher, TVM, BWC, and KeyBank conspired (1) to mislead and deceive Tuttle in violation of the ICPA and (2) to defraud Tuttle by virtue of a loan that was unsecured and the proceeds of which were used for purposes other than fabricating the Boat/Trailer. *Complaint* at ¶ 59 (Dkt. 1).

A civil conspiracy "exists only if there is an agreement between two or more to accomplish an unlawful objective or to accomplish a lawful objective in an unlawful manner." *McPheters v. Maile*, 138 Idaho 391, 395 (2003) (internal citations omitted). As defendants point out, Tuttle has failed to plead sufficient facts to support his claim that there was an agreement between Christopher (acting as an agent of TVM and/or BWC) and KeyBank. In the absence of any facts to support the existence of such an agreement, defendants' motion to dismiss Tuttle's claim for conspiracy is granted. Tuttle may amend his complaint to sufficiently allege facts supporting the existence of an agreement between the parties as required for a claim of civil conspiracy.

**5.    Aiding and Abetting Breach of the ICPA**

MEMORANDUM DECISION AND ORDER - 7

To be liable for aiding and abetting a civil wrong, a plaintiff must allege (1) the existence of an underlying wrong, (2) that there was knowledge of the wrong on the part of the aider and abettor, (3) substantial assistance by the aider and abettor, and (4) damages proximately caused thereby. *Zazzali v. Ellison*, 973 F. Supp. 2d 1187, 1208 (D. Idaho 2013). As explained above, Tuttle has not sufficiently alleged the facts to support his claim that Christopher, TVM, or BWC violated the IPCA or defrauded Tuttle, and therefore fails on the first element of the claim.

Further, civil conspiracy requires that a defendant has "actual knowledge of the specific primary wrong the defendant substantially assisted." *In re First Alliance Mortg. Co.*, 471 F.3d 977, 993 (9th Cir. 2006). Here, Tuttle has not alleged that KeyBank had any knowledge that Christopher, TVM, or BWC allegedly made false or misleading statements to Tuttle. The claim for aiding and abetting against Christopher, TVM, BWC, and KeyBank is therefore dismissed. Tuttle is granted leave to amend his complaint to sufficiently allege the existence of the underlying wrong and KeyBank's alleged knowledge of that wrong.

6. **Violation of RICO Acts and Conspiracy to Violate RICO Acts**

Tuttle further alleges violation of both 18 U.S.C. § 1961 *et seq.* and Idaho Code § 18-7801 *et seq.*, both of which require (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Tuttle alleges that Defendants associated "for the purpose of defrauding individuals and/or entities who sought to purchase a boat and/or trailer from TVM, and/or

BWC by providing loans to customers . . . which loans purportedly secured by boats and/or trailers which TVM and/or BWC would not provide."

Tuttle's Complaint does not sufficiently allege a "pattern" or "racketeering activity." A pattern requires at least two acts of racketeering activity. 18 U.S.C. § 1961(5). Racketeering activity encompasses many different acts, but includes the predicate acts of mail fraud, wire fraud, and obstruction of justice. *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). When the predicate acts that establish the pattern involve fraud, as they do here, Rule 9(b)'s particularity standard must be met.

Tuttle relies on information regarding an unnamed "Former Customer" to establish a pattern under 18 U.S.C. § 1961(5). However, this allegation was inadequate under Rule 9(b). However, the information included in Tuttle's briefing on these motions clearly meets this standard, so Tuttle may amend his complaint to include these particularized allegations. Further, the facts alleged to support the existence of racketeering activity also lack particularity. Tuttle alleges "numerous" communications during a roughly three-year time span, but does not refer to any specific mailings or phone calls.  This is insufficient. *See Lancaster Community. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (internal citations omitted). Such allegations lack the "who, what, when, where, and how" required in a claim for fraud. As such, defendants' motions to dismiss the RICO claims are granted. As mentioned above, Tuttle may amend his complaint to particularly allege the facts required the support these claims.

## CONCLUSION

MEMORANDUM DECISION AND ORDER - 9

The Court grants defendants' motions to dismiss all of Tuttle's claims. Tuttle is granted leave to amend his complaint to comply with the heightened pleading standard of Federal Rule of Procedure 9(b).

## ORDER

**IT IS ORDERED:**

1. Defendants TVM, BWC, NJA, and Christopher and Rachel Bohnenkamp, motion to dismiss (Dkt. 7-1) is **GRANTED.**

2. Defendant KeyBank's motion to dismiss (Dkt. 4-1) is **GRANTED.**

3. Tuttle may file an amended complaint within twenty-one (21) days of the date of this Memorandum Decision and Order.

DATED: June 8, 2016

B. Lynn Winmill
Chief Judge
United States District Court