IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLEY TUTTLE, <br><br>             Plaintiff, <br><br> Vs. <br><br> TREASURE VALLEY MARINE, INC., an Idaho corporation; BOHNENKAMPS WHITEWATER CUSTOMS, INC., an Idaho corporation; NIAGRA JET ADVENTURES, LLC., a New York limited liability company; CHRISTOPHER and RACHEL BOHNENKAMP, married individuals; KEYBANK NATIONAL ASSOCIATION, a national banking association with its principal place of business in Ohio, d/b/a KeyBank; <br><br>             Defendants. | Case No.  1:15-cv-00314-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before Defendant's Motion to Stay (Dkt. 39). For the reasons explained below, the Court will grant the motion.

### PROCEDURAL BACKGROUND

Tuttle originally brought several claims against various defendants. These claims stem from the allegation that Tuttle entered into agreement to purchase a boat and trailer from Treasure Valley Marine, Inc. ("TVM") on February 5, 2014. Under the agreement,

MEMORANDUM DECISION AND ORDER - 1

TVM was to fabricate a custom jet boat for $147,241, which was to be financed by a loan from Defendant KeyBank for the full amount. KeyBank distributed the loan to TVM or Bohnenkamps Whitewater Customs, Inc. ("BWC"), but the custom-built boat was not delivered to Tuttle on the date agreed upon by Tuttle and TVM. Tuttle further alleged that KeyBank had an agreement with Christopher Bohnenkamp, TVM, and BWC wherein KeyBank would pay those defendants a "kickback" when they referred individuals to KeyBank to finance custom boats. He also claimed that the loan distributed to TVM was not used to fabricate the financed boat, but instead was invested in a new Bohnenkamp enterprise, Niagara Jet Adventures LLC ("NJA").

On these allegations, Tuttle asserted claims for (1) breach of contract, (2) violation of the Idaho Consumer Protection Act ("ICPA"), (3) fraud, (4) conspiracy to violate the ICPA and defraud Tuttle, (5) aiding and abetting fraud and vioaltions of the ICPA, (6) violation of the Racketeer Influenced and Corrupt Organizations Act and the Idaho Racketeering Act (collectively "RICO Acts") by committing mail and wire fraud ("RICO claims"), and (7) conspiracy to violate the RICO Acts. After a first round of motions to dismiss, the Court dismissed the Complaint, but gave Tuttle leave to amend. He filed his Amended Complaint, and the defendants responded with another set of motions to dismiss.

About that same time, Bohnenkamp was indicted on several counts of wire and bank fraud related to the facts of this case. That case is also pending before this Court. Trial is set to commence on May 8, 2017. Bohnenkamp is represented by the same attorney in both this case and the criminal matter.

MEMORANDUM DECISION AND ORDER - 2

## ANALYSIS

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether it should exercise its discretion to stay a case, the district court considers: (1) whether staying the action serves judicial economy; and (2) the potential prejudice to the parties. *See, e.g., Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D.Cal.2007).

Here, Defendant Bohnenkamp is scheduled to commence a 3-week criminal trial defending more than 25 counts of wire and bank fraud in approximately two months. A district court may stay a civil proceeding pending the outcome of a parallel criminal proceeding where the interests of justice require it. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995). The decision whether to stay the civil proceeding should be made in light of the particular circumstances of the case. *Id.* Factors to consider include: (1) the extent to which the defendant's fifth amendment rights are implicated; (2) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, including potential prejudice of a delay; (3) the burden which any particular aspect of the proceedings may impose on defendants; (4) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (5) the interests of non-parties; and (6) the public's interest. *Id.* (Internal citation omitted).

MEMORANDUM DECISION AND ORDER - 3

As noted above, Bohnenkamp is scheduled to commence his criminal trial in front of this Court in approximately two months. As the sole owner of BWC and TVM, he faces potential Fifth Amendment issues. Counsel – who represents Bohnenkamp in both the civil and criminal matters – notes that complying with the discovery schedule in this civil case directly exposes him to potential liability in the criminal case. And the interests of TVM, BWC and Niagara in full discovery may be jeopardized when Bohnenekamp asserts his right to remain silent and refuses to assist in the civil case.

Similarly, the defendants' ability to defend themselves could be impaired if Bohnenkamp invokes his Fifth Amendment privilege. The burden on the plaintiff of staying the case for approximately three months is outweighed by the defendants being able to assert a full defense. Likewise, the burden on defense counsel and the Court warrants a stay. Both defense counsel and the Court can better address the criminal matter without having to simultaneously address likely discovery disputes that will come up because of Bohnenkamp's Fifth Amendment rights. Trying to balance those potential discovery disputes with Bohnenekamp's rights in the criminal matter is not a good use of defense counsel's preparation time or judicial resources.

Finally, the Court does not find that any interests of non-parties would be negatively affected by staying this case for three months. And the public's interest in seeing the criminal matter proceed without delay or complication from this civil matter is in the public's best interest. Accordingly, the Court will stay this matter until after the criminal trial is finished.

## ORDER

1. Defendant's Motion to Stay (Dkt. 39) is **GRANTED**.

DATED: March 2, 2017

B. Lynn Winmill
Chief Judge
United States District Court